UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL ANDRESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:16-cv-0011-WTL-MJD |
| ) | |
| KAREN RICHARDS, ) | |
| ) | |
| Defendant. ) | |

**Entry Denying Motion for Summary Judgment**

Daniel Andress filed this action on January 8, 2016, contending that his Constitutional Rights were violated while he was incarcerated in the Indiana Department of Correction ("IDOC"). Mr. Andress claims that on August 19, 2015, his left leg became tangled in computer wires under a computer table. When he attempted to stand up, he fell and fractured his leg. The defendant moves for summary judgment arguing that Mr. Andress failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit.

**Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

## Discussion

A. *Undisputed Facts*

At all times relevant to his Complaint, Mr. Andress was confined by the IDOC at the Wabash Valley Correctional Facility ("Wabash Valley"). The IDOC has an Offender Grievance Process which is intended to permit inmates to resolve concerns and complaints relating to their conditions of confinement prior to filing suit in court. As an inmate at Wabash Valley, Mr. Andress had access to the Offender Grievance Process. All offenders are made aware of the Offender Grievance Process during orientation and a copy of the Grievance Process is available in various locations within the prisons.

The Grievance Process consists of three steps. It begins with the offender contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal grievance to the Grievance Officer of the facility where the incident occurred. If the formal written grievance is not resolved in a manner that satisfies the offender, he may submit an appeal. Exhaustion of the grievance procedure requires pursuing a grievance to the final step.

On August 31, 2015, Mr. Andress submitted an informal complaint regarding the incident that occurred on August 19, 2015. Karen Richards responded by checking the box "Resolution" followed with the explanation that Mr. Andress was clumsy and his accident was no one's fault. Mr. Andress indicated he disagreed with the result and sent it to the grievance specialist [dkt. 27, at pp. 4, 6]. On September 10, 2015, Mr. Andress filed a formal complaint regarding the incident and requested compensation in the amount of $25,000 and the "cords to be reported to maintenance for some kind of way to be removed from the floor." There is a hand written note at the top of the formal grievance that states "monetary compensation is not available through grievance process." [dkt. 27, at p. 7]. The grievance was returned stating this was a non-grievable issue. Despite being told this was a non-grievable issue, Mr. Andress attempted to appeal the denial of his formal grievance. [dkt. 27, at pp. 4-5]. On January 8, 2016, Mr. Andress filed his 42 U.S.C. § 1983 claim alleging his rights under the Eighth Amendment were violated when he was injured on August 19, 2015, as a result of the conditions of confinement.

The grievance policy states that Tort Claims are not appropriate for the grievance process. [dkt. 21-2, at p. 5].

B. *Exhaustion*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the

time, the prison's administrative rules require.'")(*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

### C. *Discussion*

The defendant argues in her motion for summary judgment that Mr. Andress "failed to submit *any* grievance regarding the allegations in this matter." Emphasis in original. [dkt. 21, at pp. 2, 4, 8; 21-3, at p. 5]. In response in opposition, the plaintiff argues that he completed an informal and formal grievance, and attempted to file an appeal. [dkt. 26, at pp. 3, 4; 27, at p. 4]. Attached to his response are copies of an informal complaint, a formal complaint, and a declaration stating he attempted to file an appeal of the response to the formal grievance. [dkt. 27, at pp. 6-8].

The defendant replied to the plaintiff's response but failed to address the plaintiff's undisputed evidence. Instead, her argument can be summarized as follows: the plaintiff's § 1983 claim was grievable, but he failed to submit any grievance related to the incident in the complaint because the relief he sought in the grievance he did file was monetary compensation, which is non grievable and an improper form of compensation. [dkt. 28].

The defendant acknowledges that the plaintiff's § 1983 **claim** was grievable. [dkt. 28, at p. 2]. But, according to the DOC, the relief he was seeking was an improper form of compensation not available through the grievance process. The monetary remedy, the defendant argues, made the claim non-grievable.

This argument has been rejected by the United States Supreme Court, which held that the PLRA requires exhaustion even if some forms of relief are not available through the grievance process, as long as some form of relief is available. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."). "Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808–09 (7th Cir. 2006) (citations omitted); *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (the PLRA requires exhaustion "even if the [grievance] process could not result in a prisoner's desired form of relief"). Stated another way, seeking an unavailable remedy does not make a grievable issue non-grievable for purposes of avoiding the exhaustion requirement of the PLRA.

Moreover, the record shows that the facility could have granted the plaintiff some form of relief. In the formal grievance, in addition to a remedy of $25,000, the plaintiff also requested that the "cords to be reported to maintenance for some kind of way to be removed from the floor." [dkt. 27, at p. 7]. This means the plaintiff was required to grieve his claim prior to filing suit.

Accepting the defendant's argument, the plaintiff was not required to exhaust his administrative remedies because he seeking an unavailable remedy. This mean the plaintiff did not have to exhaust before filing suit. On the other hand, to the extent this was a grievable issue, the plaintiff attempted to grieve this issue by filing an informal and formal grievance, and attempting to file an appeal of the formal grievance. Either way, the defendant loses.

The undisputed evidence shows that the plaintiff exhausted his administrative remedies by filing an informal and formal grievance, and attempting to file an appeal. [dkt. 26, at pp. 3, 4; 27, at p. 4].

The defendant's motion for summary judgment [dkt. 20] is **denied** and the affirmative defense of failure to exhaust is **rejected**.

### Conclusion

The defendants' motion for summary judgment [dkt. 20] is **denied**.

**IT IS SO ORDERED**.

Date:  10/19/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Daniel Andress, #226471
Wabash Valley Correctional Facility
Electronic Service Participant-Court only

Electronically registered counsel