UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL ANDRESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:16-cv-0011-WTL-MJD |
| | ) |
| KAREN RICHARDS, | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Motion for Leave to File an Amended Complaint
and Related Pending Motions**

Presently before the Court are the plaintiff's motion for leave to file an amended complaint, motion to file an oversized complaint and suspend the dispositive motion deadline, motion to file a designation of evidence in support of proposed amended complaint, and motion for leave to serve additional interrogatories. Also pending is the defendant's motion to compel discovery. The Court will address the plaintiff's motion for leave to file an amended complaint before addressing the other motions in turn.

**I.**

The plaintiff filed his original complaint on January 8, 2016. That complaint asserted a single claim against the sole defendant, Karen Richards. Specifically, the plaintiff alleged that the computers were kept in a knowingly unsafe condition such that his legs became tangled in the computer cords, which caused him to fall and fracture his leg. The Court screened the complaint and permitted an Eighth Amendment claim and state-law negligence claim to proceed against the defendant. *See* dkt. 7.

The defendant asserted the affirmative defense that the plaintiff failed to exhaust his administrative remedies, and she filed a motion for summary judgment on that defense. After that

motion was fully briefed, the Court denied summary judgment and rejected the defendant's affirmative defense in an Entry dated October 19, 2016. A pretrial schedule was issued less than a week later. Among other deadlines, the pretrial schedule stated that no later than November 15, 2016, "Any party who wants to amend its Complaint, Answer, or other pleading must file a motion requesting permission to do so, with a proposed amended pleading attached thereto. This includes trying to add new parties to the suit." Dkt. 31 at 1.

The plaintiff filed the presently pending motion for leave to file an amended complaint nearly seven months after the deadline, on June 9, 2017. The motion was also filed shortly before the twice-extended discovery deadline of June 19, 2017, and the dispositive motions deadline of July 10, 2017 (which was subsequently extended to August 7, 2017). The seventy-page proposed amended complaint, according to the plaintiff, seeks to "add[] six (6) new defendants and over 46 claims." Dkt. 50 at 1. Among other things, the plaintiff seeks to add American with Disabilities Act ("ADA") claims against the defendant and the six additional defendants.

"Federal Rule of Civil Procedure 15 provides that, as a general rule, a court 'should freely give leave [to amend] when justice so requires.'" *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). But when, as here, a plaintiff moves to amend his complaint after the deadline set by the Court, the Court applies the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

The Court will begin with whether the plaintiff has established good cause under Rule 16. As noted above, the plaintiff filed the instant motion for leave to amend nearly seven months after

the deadline to do so had passed. The plaintiff asserts that "at the time" of the deadline to amend he could not "fully investigate" his complaint or the facts related to it, dkt. 51 at 2, but he does not elaborate on these assertions. Further, the plaintiff states that he "has learned through help" that other defendants were responsible for the safety issues and wishes to name them as defendants; that he failed to assert state law tort claims; that he obtained newly discovered evidence that the grievance specialist at the prison failed to log his grievances; and that through help and research he learned that he could file a claim under the ADA. *See* dkt. 51 at 2.

The Court agrees with the defendant that none of the plaintiff's explanations show that he was sufficiently diligent, nor do they justify why the motion for leave to amend was not filed until nearly seven months after the deadline. As an initial matter, the plaintiff asserted a state law tort claim against the defendant in his complaint, and it is proceedings in this action. Moreover, the alleged newly discovered evidence regarding the grievance process is irrelevant to the plaintiff's pending claims given that the Court has rejected the defendant's exhaustion defense. Notably, this is not a case where, for example, evidence obtained during discovery revealed that an additional defendant was also responsible or involved in the underlying conduct. Such circumstances might establish good cause for the delay. Instead, the alleged newly discovered evidence at most relates the already resolved exhaustion defense or is being used to bring an entirely new claim against a new defendant. *See* dkt. 51-1 at 42-49 (the plaintiff, in his proposed amended complaint, seeking to add ADA claims against the grievance specialist for failing to make reasonable accommodations for the plaintiff in the grievance process). Neither of these circumstances constitutes good cause.

What remains, then, is the plaintiff's assertions that through other inmates and legal research he discovered he could sue additional defendants and bring claims under the ADA. Although the plaintiff notes that he only has two hours of law library access per week, *see* dkt. 59

at 2, this action was filed in January 2016, and the deadline for leave to amend was eleven months later in November 2016. Without specific allegations of how the plaintiff was diligently utilizing these eleven months and the additional seven months following the deadline to research his possible legal claims, the Court cannot accept an opened-ended assertion of limited research time or legal knowledge as sufficient diligence to demonstrate good cause. To do so would permit a showing of good cause simply by the assertion that a litigant just discovered a new legal theory or that he could hold additional defendants liable without showing that he was diligently researching his rights during the relevant time.

"As the 1983 advisory committee note explains, among the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case 'moving toward trial.'" *Alioto*, 651 F.3d at 720. This action cannot steadily move toward trial if the plaintiff is permitted to, in his words, "add[] six (6) new defendants and over 46 claims," dkt. 50 at 1, whenever he discovers a new legal theory or claim without showing that he was diligently researching throughout the relevant time.

The Seventh Circuit has "upheld denials of motions for leave to amend filed months after the deadline where the plaintiffs did not demonstrate good cause." *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016); *see Adams*, 742 F.3d at 734 ("In similar cases we have upheld a district court's exercise of discretion not to excuse a missed deadline."). This is the situation here. The plaintiff has not shown the good cause necessary to file a motion for leave to amend seven months after the deadline. *See Arriogo*, 836 F.3d at 797 (affirming the denial of leave to amend four months after the deadline); *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (eight months); *Adams*, 742 F.3d at 733-34 (six months); *Alioto*, 651 F.3d at 720 (eight months).

Alternatively, even if the plaintiff was sufficiently diligent such that he has established good cause under Rule 16, leave to amend would not be permitted under Rule 15 because it would unduly prejudice the defendant. Although leave to amend under Rule 15 should be freely given, "[d]istrict courts, nevertheless, have broad discretion to deny leave to amend where there is . . . undue prejudice to the defendant[] . . . . ." *Gonzalez-Koeneke*, 791 F.3d at 807. Here, the plaintiff's motion to amend was filed approximately a week before the twice-extended discovery deadline. The defendant points out that she had already engaged in written discovery and had taken the plaintiff's deposition as well as the depositions of two non-party witnesses. If leave to amend were granted and these news claims proceeded, says the defendant, she would at least have to retake the plaintiff's deposition as well as the two non-party witnesses' depositions, both of whom submitted declarations with the plaintiff's proposed amended complaint.

The plaintiff's only response to this source of prejudice is that he and his non-party witnesses testified during their depositions to the facts asserted in their declarations. Assuming that this is true, this does not mean that the defendant will not need to re-depose them. Defending against an Eighth Amendment claim and a negligence claim is significantly different than defending against an ADA claim.

Given the foregoing, the Court concludes that the defendant would also be unduly prejudiced if leave to amend were granted. The parties were a week away from the twice-extended discovery deadline and most, if not all, of the defendant's discovery was complete. The Seventh Circuit has not found it to be an abuse of discretion in circumstances such as these, when granting leave to amend would require the defendant to essentially re-start much of the discovery process that was nearly complete. *See Arrigo*, 836 F.3d at 798 (holding that it was not an abuse of discretion for the district court to deny leave to amend because "[t]he defendants would have

needed additional depositions of employees, [and] . . . [t]he discovery on damages also would have been different").

Accordingly, for each of the two foregoing reasons,[1] the plaintiff's motion for leave to file an amended complaint, [Dkt. 51], is **denied**. Therefore, the plaintiff's motion for leave to file an oversized complaint, [Dkt. 50], and motion to file evidence in support of the proposed amended complaint, [Dkt. 52], are **denied as moot**.

The Court notes that the denial of leave to amend does not preclude the plaintiff from bringing new claims in a separate action. The plaintiff should be aware, however, that the statute of limitations for both § 1983 claims and ADA claim is two years. *See Scherr v. Marriott Intern., Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013); *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013); *see also* Ind. Code § 34-11-2-4. Given that the incident that forms the basis of the plaintiff's claims occurred on August 19, 2015, the statute of the limitations on any such claims may soon run.

## II.

Pending before the Court are the parties' discovery motions. First, the defendant's motion to compel discovery states that the plaintiff failed to provide a response to the defendant's interrogatories and requests for production of documents served on March 14, 2017, and failed to respond to the defendant's attempts to confer. In response, the plaintiff filed a "Notice to Court," stating that he sent the discovery responses at issue following the filing of the defendant's motion to compel. Because the defendant has not replied, and based on the plaintiff's representation to the Court, the defendant's motion to compel, [Dkt. 48], is **denied as moot**.

---

[1] The defendant also argues that any amendment would be futile. Because the Court concludes that the plaintiff has not established good cause under Rule 16 and that the defendant would be prejudiced under Rule 15 if leave to amend were granted, the Court does not reach this argument.

Second, the plaintiff seeks permission to serve additional interrogatories on the defendant. He attempted to serve these additional interrogatories on the defendant, but the defendant returned them to him, noting that they exceeded the twenty-five interrogatories permitted by Rule 33(a)(1) without agreement or court order. The defendant opposes this motion. The plaintiff maintains it should be granted because he did not understand that he was limited to twenty-five interrogatories without leave to serve more.

In the interests of justice, the plaintiff's motion to serve additional interrogatories, [Dkt. 54], is **granted** to the extent that **the defendant shall treat** the plaintiff's eleven additional interrogatories, *see* dkt. 54-1, as properly served on the date of this Entry. Given this, the Court will extend the deadlines in this action as follows. All discovery must be complete **no later than August 14, 2017**. Dispositive motions must be filed **no later than September 14, 2017**. The Court does not anticipate further extending these deadlines absent extraordinary circumstances.

**IT IS SO ORDERED**.

Date: 7/12/2017

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DANIEL ANDRESS
226471
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

David C. Dickmeyer
OFFICE OF THE ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Sara Teresa Martin
INDIANA ATTORNEY GENERAL
sara.martin@atg.in.gov