UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANIEL ANDRESS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 2:16-cv-00011-WTL-MJD |
| KAREN RICHARD, | ) ) ) | |
| Defendant. | ) | |

**Entry Granting Defendant's Motion for Summary Judgment
and Directing Entry of Final Judgment**

## I. Introduction

Plaintiff Daniel Andress was incarcerated at the Wabash Valley Correctional Facility (Wabash Valley) when his left leg became tangled in computer wires under a table. When he attempted to stand up, he fell and fractured his left leg. The Court screened his complaint and determined that Mr. Andress adequately stated a claim against the law librarian, Karen Richards, pursuant to the Eighth Amendment and a state law claim for negligence.

Presently pending before the Court is the defendant's motion for summary judgment filed on September 14, 2017. Dkt. No. 61.

The defendant's motion argues that she was not deliberately indifferent to a hazardous condition and that she is immune from a claim of negligence under the Indiana Tort Claims Act. Mr. Andress's response argues that the defendant is not entitled to summary judgment. For the reasons set forth below, the defendant's motion for summary judgment, Dkt. No. 61, is **granted**.

## II. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Fed. R. Civ. P*. 56(e)(2). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *Harney v. Speedway Super America, LLC*., 526 F.3d 1099, 1104 (7th Cir. 2008). The non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co*., 242 F.3d 713, 723 (7th Cir. 2001).

### III. Statement of Material Facts Not in Dispute[1]

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to Mr. Andress as the non-moving party with respect to the motion for summary judgment. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

---

[1] Mr. Andress includes a statement of facts in dispute. However, many of the statements included are not actually in dispute. For example, he includes that he is incarcerated at Wabash Valley and that he has a prosthetic leg. Dkt. No. 77.

Defendant Karen Richard has been employed by the Indiana Department of Correction (IDOC) since 1994. She is currently employed as Program Coordinator 3 at Wabash Valley. Dkt. No. 62-1, ¶ 1. As Program Coordinator, one of her responsibilities includes supervising the two law libraries at Wabash Valley. Dkt. No. 62-1, ¶ 2.

Mr. Andress has had a prosthetic leg on his left side for approximately 48 years. Dkt. No. 62-2, pp. 6-7. His prosthetic leg gets caught on things more than his other leg because he cannot feel anything in that foot. Generally, Mr. Andress does not look at his feet before moving forward and does not check his leg when standing up from a chair or desk before walking. Dkt. No. 62-2, pp. 9-10.

There are computers in the library at Wabash Valley. Mr. Andress has been visiting the law library at Wabash Valley on and off for years. Dkt. No. 77-1, p. 5. The computer cords are located on the floor under the computer tables. Prior to the incident described in the complaint, Mr. Andress's right foot became hooked on a cord under the computer table in the law library. Dkt. No. 62-2, pp. 12-13; Dkt. No. 77-1, p. 2. He could feel the cord on his shoe but his foot did not "get caught" and the cord was not "wrapped around [his] shoe." Dkt. No. 62-2, pp. 13, 15, 17. Mr. Andress looked down at his feet to make sure that he had a good foot hold before he pushed his chair back. Dkt. No. 62-2, pp. 31-32.

Mr. Andress informed Ms. Richard that this foot touched one of the cords, and that "they need to be put up off the floor . . . they need to be moved out of the way." Dkt. No. 62-2, pp. 14-15; Dkt. No. 77-1, p. 2.[2] Ms. Richard was aware that Mr. Andress had a prosthetic leg. Dkt. No.

---

[2] It is not clear from Mr. Andress's statement of material facts in dispute if he complained to Ms. Richards on one or two occasions of the computer cords on the floor prior to his fall. Dkt. No. 77, ¶ 12. He states he made two prior complaints but the evidence he cites only refers to one prior complaint. The evidence he cites is his deposition testimony and in his deposition he testified that

77-1, p. 31. At some point, Offender Adrian Jerrell's leg was also tangled in the computer cords at the law library at Wabash Valley. Dkt. No. 77-1, p. 22.

On August 19, 2015, Mr. Andress arrived at the Wabash Valley law library to use a computer. Dkt. No. 62-2, pp. 37-38. The cords at his computer station were identical to the cords at the computer station during the prior incident in which his foot touched one of the cords. Dkt. No. 62-2, p. 24-25.

When Mr. Andress sat down at his computer desk that day, he did not look under the computer desk to see where he was putting his feet. Dkt. No. 62-2, pp. 41-42.

When he was done using the computer, Mr. Andress put the computer keyboard underneath the table, scooted his chair back, and got ready to leave. Dkt. No. 62-2, p. 30. He was distracted and not thinking about dangling computer cords. Dkt. No. 77-1, pp. 1-2. Before he stood up, Mr. Andress did not look at his feet to see if his legs were tangled in anything. It is not a habit for Mr. Andress to look at his feet before he stands up and he did not notice that his left leg was tangled in the computer cords. Dkt. No. 62-2, p. 31. After standing up, Mr. Andress tried to take a step—tried to move his prosthetic leg—but it "didn't want to move," and he fell. Dkt. No. 62-2, p. 32.

A single black cord from the computer keyboard was wrapped around Mr. Andress's leg after he fell. Dkt. No. 62-3, p. 9. The fall caused him to break his left leg.

Mr. Andress did not have any interaction with Karen Richard on August 19, 2015, during or after his fall. Dkt. No. 62-2, p. 35. She also did not see him fall. Dkt. No. 62-1, ¶ 6.

---

he only complained to Ms. Richards about the computer cords on the floor one time prior to the date he fell. Dkt. No. 77-1, p. 2-3; Dkt. No. 62-2.

## IV. Discussion[3]

Karen Richard argues that she is entitled to judgment as a matter of law because Mr. Andress's Eighth Amendment rights were not violated. She also argues that she is immune from liability from his state law claim of negligence under the Indiana Tort Claims Act.

**Eighth Amendment**

Mr. Andress's Eighth claim is asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Eighth Amendment's proscription against the imposition of cruel and unusual punishment provides the constitutional standard for the treatment of convicted offenders such as Mr. Andress. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993). That is the pertinent constitutional provision associated with the claim in this action. Under the Eighth Amendment,

---

[3] In his response in opposition to the defendant's motion for summary judgment, Mr. Andress objects to the defendant's alleged late service of her summary judgment motion. Mr. Andress avers that the defendant's motion for summary judgment was confiscated by Wabash Valley. The Court addressed this in an Entry dated October 24, 2017, and directed the clerk to send Mr. Andress a copy of the defendant's motion for summary judgment and supporting documents. Additionally, the defendant's counsel notified the Court that after learning Mr. Andress did not receive a copy of the motion for summary judgment he sent to him through the mail, counsel had Mr. Andress personally served with the summary judgment motion and brief. Dkt. No. 68. After the Court sent the motions for summary judgment to Mr. Andress and he was personally served by the defendant, he sought and was granted three motions for time to file a response. Dkt. Nos. 70, 72, 74. As such, Mr. Andress's objection and motion for sanctions are **denied**.

prison officials must take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In a "conditions" case, Eighth Amendment liability attaches when a plaintiff shows that the condition he complains of was objectively serious enough to demonstrate that he was deprived of the "'minimal civilized measure of life's necessities,'" *id*., (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)), and that the named prison official acted with deliberate indifference to his health or safety. *Id*. (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)). In relation to the second of these elements, to be "deliberately indifferent," a state of mind derived from criminal recklessness, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Thus the first question is whether the hazard alleged is sufficiently serious to invoke the Eighth Amendment. Ms. Richard argues that the computer cord on which Mr. Andress tripped and fell did not pose a substantial risk of sufficiently serious harm and relies on numerous cases which suggest that as a matter of law, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations." *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (per curiam) (cited by *Pyles v. Fahim*, 2014 WL 5861515, 8 (7th Cir. 2014)).

In support of her argument, Ms. Richard points to *Daniels v. Williams*, 474 U.S. 327 (1986). In that case, the Supreme Court held an inmate who allegedly sustained injuries when he slipped on a pillow negligently left on a stairway by a jail employee did not state a constitutional violation.

Ms. Richard argues there are no special circumstances that require departure from the general rule that bars liability in prison slip and fall cases. Here, Mr. Andress fell when a computer keyboard cord wrapped around his prosthetic left leg.

The dissent in *Davidson v. Cannon*, 474 U.S. 344, 355 (1986) is instructive:

in *Daniels*,..."[t]he only tie between the facts...and anything governmental in nature" is the identity of the parties. In *Daniels*, the negligence was only coincidentally connected to an inmate-guard relationship; the same incident could have occurred on any staircase. Daniels in jail was as able as he would have been anywhere else to protect himself against a pillow on the stairs. The State did not prohibit him from looking where he was going or from taking care to avoid the pillow.

*Id*. at 455 (J. Blackmun, dissenting).

Mr. Andress counters that Ms. Richard failed to accommodate his disability and provide him reasonable access to the computers when she failed to take reasonable measures to guarantee his safety. This argument is not responsive to Ms. Richard's Eighth Amendment argument and conflates a disability claim under the Americans with Disabilities Act (ADA) with the Eighth Amendment. However, in the complaint, Mr. Andress specifically alleged an Eighth Amendment violation, not a claim under the ADA.[4]

Mr. Andress also argues four facts to show a sufficiently serious hazard exists to invoke the Eighth Amendment: 1) the "toe cord" is a potential trip hazard; 2) his prosthetic leg means he will not feel a cord on that foot; 3) the computer itself is a distraction; and 4) he faces a repeated risk of serious harm every time he uses the law library. He also cites to *Ashlock v. J. Sexton*, 2016 WL 3476367 (S.D. Ind. June 27, 2016) and *Frost v. Agnos*, 152 F.3d 1124 (9th Cir. 1998), as support for the rejection of the typical prisoner slip and fall case law. Dkt. No. 77, pp. 15-16.

In *Ashlock*, the plaintiff was escorted to the showers by the defendant with his hands restrained behind his back. At the top of the stairs, he lost his balance and fell to the bottom of the stairs. Because his hands were restrained, he was unable to catch his balance. The court determined

---

[4] Mr. Andress has a complaint pending regarding this incident in which he claims a violation of his rights under the ADA. *Andress v. IDOC*, 2:17-cv-395-WTL-MJD.

that the facts were unlike the typical prisoner slip and fall cases and there were special circumstances because the plaintiff's hands were hand-cuffed behind his back and he was unable to protect himself against a fall. The court stated, "[r]equiring an inmate to descend stairs, in sandals, without any assistance or means with which to brace himself, is sufficiently hazardous under the Eighth Amendment." *Id.*, at 4.

In *Frost*, Frost was injured in a gun fight with police and sustained two bullet wounds to his legs. He was arrested and transported to a medical center for surgery. After the surgery, he was placed in a long-leg cast and required crutches. He was eventually transported to the jail to await trial. *Frost*, 152 F.3d at 1127. At the jail, Frost had trouble in the shower because he was unable to maneuver on his crutches. As a result, he often fell. Several months later, Frost re-broke his leg going to recreation. He had to climb forty-eight stairs to get to recreation. Generally, officers assisted him by carrying his crutches, but on this occasion, officers refused to help him and he alleged he re-injured his leg by placing too much weight on it while hopping up the stairs while carrying his crutches. Frost filed an Eighth Amendment conditions of confinement claim and the defendants argued that slippery floors do not constitute cruel and unusual punishment. The district court granted the defendants' motion for summary judgment. On appeal, the Ninth Circuit found that Frost's use of crutches distinguish him from a typical prison slip and fall case. *Id.* at 1129. The Court also discussed Frost's status under the ADA and whether he was entitled to handicap accessible showers as a pre-trial detainee. The Court concluded that an issue of fact existed with regard to whether the failure to provide him with adequate shower facilities resulted in a violation of his constitutional rights.

Unlike the plaintiffs in *Ashlock* and *Frost*, the record in this case reflects that Mr. Andress was able to protect himself against falling. Mr. Andress was aware there were cords under the

computer desks as he told Ms. Richard about them at least on one previous occasion. But Mr. Andress admitted he does not look at his feet before moving forward and does not check his leg when standing up.

There was nothing preventing him from looking underneath the desk when he was ready to stand up to make sure the cords were not impeding his forward movement on August 19. Ms. Richard did not prohibit or prevent him from looking at his feet or from taking care to avoid a cord wrapped around his left foot.

The Court finds that the hazard was not sufficiently serious to invoke the Eighth Amendment. Mr. Andress's Eighth Amendment claim fails and Ms. Richard's motion for summary judgment as to this claim is **granted**.

**Negligence**

Because the Court concludes that summary judgment is appropriate on Mr. Andress's constitutional claims, no federal claim remains in this litigation. The Court must assess whether it should continue to exercise supplemental jurisdiction over his state law claim. The Court ultimately has discretion whether to exercise supplemental jurisdiction over a plaintiff's state law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); see 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction...."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, (1997) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).

Here, the relevant factors weigh in favor of the Court exercising supplemental jurisdiction over Mr. Andress's state law claims. The parties have fully briefed all of the state law claims. Thus retaining jurisdiction over the state law claims would promote judicial economy.

Mr. Andress alleged Ms. Richard was negligent, owed him a duty to protect him from falling, and breached this duty when she allowed known computer cords to wrap around his prosthetic leg causing him to fall and break his leg. The Court treats this as a negligence claim. Ms. Richard argues that the allegations in the complaint show that she is entitled to immunity under the Indiana Tort Claims Act (ITCA). The Court agrees.

The ITCA "immunizes both the governmental entity and its officers acting 'within the scope of' their employment from liability in a number of areas." *Cantrell v. Morris*, 849 N.E.2d 488, 495 (Ind. 2006) (quoting Ind. Code § 34-13-3-3). Thus to state a claim "against an employee personally," the plaintiff must provide a "reasonable factual basis" that "an act or omission of the employee" was, as relevant here, "wanton or willful." Ind. Code § 34-13-3-5(c). "Willful or wanton misconduct consists of either: "1) an intentional act done with reckless disregard of the natural and probable consequence of injury to a known person under the circumstances known to the actor at the time; or 2) an omission or failure to act when the actor has actual knowledge of the natural and probable consequence of injury and his opportunity to avoid the risk." *Ellis v. City of Martinsville*, 940 N.E.2d 1197, 1204-05 (Ind. Ct. App. 2011). "The elements of willful or wanton misconduct are: (1) the defendant must have knowledge of an impending danger or consciousness of a course of misconduct calculated to result in probable injury; and (2) the actor's conduct must have exhibited an indifference to the consequences of his conduct." *Id*. (citation and quotation marks omitted).

Mr. Andress contends that he has sufficiently shown that Ms. Richard's conduct was willful

and wanton and that she is not entitled to immunity under the ITCA. Indiana law requires that the plaintiff provide a "reasonable factual basis" supporting a contention that immunity does not apply. Ind. Code § 34-13-3-5(c). Here, Mr. Andress alleged in the complaint:



Claim I: Karen Richard failing to take reasonable measures of to abate the risk of fall to prisoner, violated my Federal Constitution Eighth Amendment Right.

Dkt. No. 2. He also alleged in the complaint that Ms. Richard "has seen these cord[s] because some prisoner has told her about them." Dkt. No. 2, p. 3.

At most, Mr. Andress's allegations show negligence. There are no allegations that Ms. Richard ignored a known risk that Mr. Andress would fall after the computer cords became wrapped around his prosthetic leg. There is nothing in Ms. Richard's conduct that suggests reckless abandon. She did not cause the cord to be wrapped around Mr. Andress's foot. And Mr. Andress has presented no evidence that Ms. Richard had knowledge of impending danger or consciousness of a course of misconduct calculated to result in probable injury. *Witham v. Norfolk & W. Ry. Co.*, 561 N.E.2d 484, 486 (Ind. Ct. App. 1990). Rather, while Ms. Richard was aware of the cords on the floor and of Mr. Andress's prosthetic leg, she observed him in the law library on and off for years using the computers with no problems.

The complaint does not set forth any facts from which the Court can conclude that Ms. Richard's conduct amounted to an intentional act done with reckless disregard such that Mr. Andress would fall and break his leg. Mr. Andress has not provided any evidence to show a genuine issue of material fact on this point. The facts in the record cannot support a conclusion that Mr. Richard acted willfully or wantonly simply because she knew the computer cords were

on the floor below the computer desk. Ms. Richard's motion for summary judgment is granted.

## V. Conclusion

Ms. Richard's motion for summary judgment, Dkt. No. 61, is **granted**. Judgment consistent with this ruling shall now issue.

**IT IS SO ORDERED**.

Date: 4/16/18

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DANIEL ANDRESS
226471
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Amanda Elizabeth Fiorini
INDIANA ATTORNEY GENERAL
Amanda.Fiorini@atg.in.gov

Sara Teresa Martin
INDIANA ATTORNEY GENERAL
sara.martin@atg.in.gov